**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01217-MJW

CORLISS FOWLER,            Civil Action No. 1:20-cv-01217
    Plaintiff,

v.

ETHICON, INC. and
JOHNSON & JOHNSON,

    Defendants.

---

## JOINT STATUS REPORT

Pursuant to the Court's Order of May 20, 2020 [Doc. # 51], Plaintiff Corliss Fowler and Defendants Ethicon, Inc. and Johnson & Johnson (collectively "the Parties"), through counsel, submit the following Joint Status Report:

1. This is a medical device product liability action for damages allegedly arising from Plaintiff Corliss Fowler's implantation in March 2011 of a Gynecare Prosima PROA 1 and a TVT device designed by Ethicon, Inc., to treat prolapse and stress urinary incontinence respectively. Defendants deny liability and deny that Plaintiff is entitled to damages of any kind.

2. Plaintiff filed a First Amended Complaint in the Ethicon MDL on August 31, 2012. This matter was transferred from the MDL to this Court on April 16, 2020 [Docs. #s 28 and 41].

## **Pending Motions Which Require a Ruling[1]**

1. <u>Defendants' Motion for Partial Summary Judgment</u>:

**Defendants' position:** Defendants filed a Motion for Partial Summary Judgment on October 17, 2018, seeking judgment on Counts II, IV, IX, XIII, XIV and XV of Plaintiff's Complaint [Doc. #20]. Plaintiff responded on October 25, 2018, stating that Plaintiff would not be pursuing any of these claims at trial. [Doc. #22]. Therefore, it is Defendants' position that the Motion for Partial Summary Judgment should be granted, or Plaintiff should file a voluntary dismissal of all such claims.

In light of the testimony provided by the implanting physician Dr. Gary Goodman, as well as Plaintiff's case-specific expert report Dr. James Wheeler, Defendants may seek leave to file a supplemental summary judgment motion which, if granted, may eliminate all claims as to failure to warn and design defect.

**Plaintiff's position:** Plaintiff agrees that she will not pursue the above-listed claims at trial. However, Plaintiff disagrees that the Court should grant Defendants' motion. Alternatively, Plaintiffs suggest, as they did in their Opposition to Defendants' Motion for Partial Summary Judgment and as has been the procedure in previous mesh litigation, that the Court enter an Order denying Defendants' Motion as Moot as it would be improper to grant such a motion in light of the fact that Plaintiffs' will not pursue such claims.

Regarding Defendants' intention to seek leave to file a supplemental summary judgment motion, Plaintiff objects. Defendants were aware of the testimony provided by Plaintiff's

---

[1] Many citations in this Joint Status Report include references to an "MDL Dkt No." All such references refer to that document's docket number in the Ethicon Multidistrict Litigation (2:12-md-2327) pending in the United States District Court for the Southern District of West Virginia.

implanting physician, Dr. Goodman, and in possession of Plaintiff's case-specific expert Dr. James Wheeler's report, prior to the deadline for dispositive motions in the MDL. As such, no changes in the facts or the law, and no good cause exists, to allow Defendants to file a supplemental summary judgment motion at this stage.

2. *Daubert* Motions to Exclude or Limit Testimony

**Defendants' Motions:**

A brief explanation of the "wave" process may aid the Court's understanding of the pending *Daubert* motions. Initially, the MDL Court followed the traditional bellwether process and bellwether trials were conducted. However, the MDL Court then began to utilize the "wave" process to work up cases filed in the MDL. A "wave" was a group of cases designated for pretrial discovery and motion practice under the same timeline. In the MDL proceedings, there have been essentially 14 "waves" of case work-ups. Ms. Fowler was a member of Wave 8.

During proceedings before the MDL, the Parties filed motions challenging certain opinions of designated experts under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). The MDL Court instructed the parties to file only one *Daubert* motion per challenged general expert and to file each motion in the main MDL, as opposed to the individual member cases. (Pretrial Order #303, Dkt. Control Order – Wave 8 Cases, Dkt. No. 15, at 6). Ethicon previously moved to exclude certain opinions of the following experts designated by Plaintiff to provide general opinions in this case about the TVT-Secur device and the Prosima device that were surgically implanted to treat Plaintiff Corliss Fowler's stress urinary incontinence and pelvic organ prolapse:

- Vladimir Iakovlev, MD, FRCPC, FCAP;

- Prof. Dr. Med. Uwe Klinge;

- Suzanne Parisian, MD; and

- Bruce Rosenzweig, MD.

In Waves 1 – 7 of the MDL, the MDL Court often entered Orders addressing the Parties' general *Daubert* motions. Typically, the Orders issued in Waves 2 – 7 adopted Judge Goodwin's Wave 1 Order while also reserving arguments not addressed by the Wave 1 Order for resolution by the trial court. ("The court **FINDS** that to the extent that the parties raise arguments not previously addressed by the court's Prior Order, the trial judge may easily resolve these issues at trial without the need for further briefing or an evidentiary hearing. Accordingly, the court **ORDERS** that to the extent that the parties raise *Daubert* challenges not previously addressed in the court's Prior Order—fully adopted herein—those challenges are **RESERVED for trial**.").

Ms. Fowler's case was designated for work-up in Wave 8. In Wave 8, Ethicon filed motions or adopted prior motions that applied to all plaintiffs in Wave 8 of the MDL (including Ms. Fowler) who had designated the following individuals as experts to provide general opinions. The MDL Court did not enter any Orders in Wave 8 on any *Daubert* motions. Set forth below are the relevant Wave 8 motions, or adopted motions, and any related MDL Orders entered in prior waves.[2]

| Plaintiff's General Expert Witnesses for which Defendants filed *Daubert* Motions | MDL Motions | Prior Wave Memorandum Opinions and Orders From the MDL |
|---|---|---|
| | | |

---

[2] Any Motion, Memoranda or Order identified in the chart that does not currently appear in this Court's record is referenced as an Exhibit and filed herewith in an effort to complete the Court's record of *Daubert* filings.

| Vladimir Iakovlev, M.D., FRCPC, FCAP | **Wave 8 (adopting Wave 4 briefing):** Defs.' Wave 8 Mot. Exclude (Dkt. Nos. 31-6 – 31-8, MDL Dkt. No. 6874); Defs.' Wave 8 Mem. Supp. Mot. Exclude (Dkt. No. 31-9, MDL Dkt. No. 6875); Pl.'s Wave 8 Notice of Adoption of Prior *Daubert* Opp. (Dkt. No. 31-10, MDL Dkt. No. 7038); Pl.'s Mem. in Opp. (Dkt. No. 31-11, MDL Dkt. No. 7045); Pl.'s Wave 8 Am. Notice of Adoption of Wave 4 *Daubert* Opp. (Dkt. No. 31-12, MDL Dkt. No. 7085); Defs.' Wave 8 Reply Mem. (Dkt. No. 31-13, MDL Dkt. No. 7183)[3]. **Wave 4:** Defs.' Wave 4 Mot. Exclude (Dkt. Nos. 30-24 – 30-25, MDL Dkt. No. 3619); Defs.' Wave 4 Mem. Supp. Mot. Exclude (Dkt. No. 31-1, MDL Dkt. No. 3621); Pl.'s Wave 4 Opp. (Dkt. Nos. 31-2 – 31-4, MDL Dkt. No. 3790); Defs.' Wave 4 Reply Mem. (Dkt. No. 31-5, MDL Dkt. No. 3865). **Wave 1:** Defs.' Wave 1 Mot. Exclude (Dkt. Nos. 30-1 – 30-6, MDL Dkt. No. 2066); Defs.' Wave 1 Mem. Supp. Mot. Exclude (Dkt. No. 30-7, MDL Dkt. No. 2070); Pl.'s Wave 1 Opp. (Dkt. Nos. 30-8 – 30-22, MDL Dkt. No. 2185); Defs.' Wave 1 Reply Mem. | **Wave 4** Order Adopting Memorandum Opinion and Order – *Daubert* Ruling re: Vladimir Iakovlev, M.D., MDL Dkt. No. 6388, attached as Ex. "A". **Wave 1** Memorandum Opinion and Order, MDL Dkt. No. 2710, attached as Ex. "B". |

---

[3] Wave 8 briefing on Dr. Iakovlev included a new argument related to Mersilene Mesh, which is irrelevant to this specific case. Beyond that, Ethicon's Wave 8 Motion to Exclude adopted its briefing from Wave 4 of the MDL.

| | | |
|---|---|---|
| | (Dkt. No. 30-23, MDL Dkt. No. 2251). | |
| **Prof. Dr. Med. Uwe Klinge** | **Wave 8 (adopting Wave 4 briefing):** Defs.' Wave 8 Notice of Adoption of Wave 4 Mot. Exclude (Dkt. No. 33-10, MDL Dkt. No. 6648); Defs.' Wave 8 Am. Notice of Adoption of Wave 4 Mot. Exclude (Dkt. No. 33-11, MDL Dkt. No. 6833); Pl.'s Wave 8 Notice of Adoption of Prior *Daubert* Opp. (Dkt. No. 33-12, MDL Dkt. No. 6926); Defs.' Wave 8 Notice of Adoption of Wave 4 Reply (Dkt. No. 33-13, MDL Dkt. No. 7123).<br><br>**Wave 4:** Defs.' Wave 4 Mot. Exclude (Dkt. Nos. 33-2 – 33-3, MDL Dkt. No. 3626); Defs.' Wave 4 Mem. Supp. Mot. Exclude (Dkt. No. 33-4, MDL Dkt. No. 3630); Pl.'s Wave 4 Mem. in Opp. (Dkt. Nos. 33-5 – 33-8, MDL Dkt. No. 3767); Defs.' Wave 4 Reply (Dkt. No. 33-9, MDL Dkt. No. 3855).<br><br>**Wave 1:** Defs.' Wave 1 Mot. Exclude (Dkt. Nos. 32-1 – 32-21, MDL Dkt. No. 1978); Defs' Wave 1 Mem. Supp. Mot. Exclude (Dkt. No. 32-22, MDL No. 1982); Pl.'s Wave 1 Opp. (Dkt. Nos. 32-23 – 32-26, MDL Dkt. No. 2188); Defs.' Wave 1 Reply Mem. (Dkt. No. 33-1, MDL Dkt. No. 2200). | **Wave 4** Order Adopting Memorandum Opinion and Order – *Daubert* Ruling re: Prof. Dr. Med. Uwe Klinge, MDL Dkt. No. 6398, attached as Ex. "C".<br><br>**Wave 1** Memorandum Opinion and Order, MDL Dkt. No. 2642, attached as Ex. "D". |

| **Suzanne Parisian, M.D.** | **Wave 8 (adopting Wave 4 briefing):** Defs.' Wave 8 Notice of Adoption of Prior *Daubert* Mot. to Exclude (Dkt. No. 34-10, MDL Dkt. No. 6786); Pl.'s Wave 8 Notice of Adoption of Wave 4 Mem. In Opp. (Dkt. No. 34-11, MDL Dkt. No. 6930). **Wave 4 (adopting Wave 3 Reply briefing):** Defs.' Wave 4 Mot. Exclude (Dkt. No. 34-6, MDL Dkt. No. 3592); Defs.' Wave 4 Mem. Supp. Mot. Exclude (Dkt. No. 34-7, MDL Dkt. No. 3594); Pl.'s Wave 4 Mem. In Opp. (Dkt. No. 34-8, MDL Dkt. No. 3788); Defs.' Wave 4 Reply Mem. (Dkt. No. 34-9, MDL Dkt. No. 3845).<br><br>**Wave 3:** Defs.' Wave 3 Reply Mem. (Dkt. No. 34-5, MDL Dkt. No. 3019).<br><br>**Wave 1:** Defs.' Wave 1 Mot. Exclude (Dkt. No. 34-1, MDL Dkt. No. 2079); Defs.' Wave 1 Mem. Supp. Mot. Exclude (Dkt. No. 34-2, MDL Dkt. No. 2080); Pl.'s Wave 1 Mem. in Opp. (Dkt. No. 34-3, MDL Dkt. No. 2148); Defs.' Wave 1 Reply Mem. (Dkt. No. 34-4, MDL Dkt. No. 2229). | **Wave 4** Order Adopting Memorandum Opinion and Order – *Daubert* Ruling re: Suzanne Parisian, M.D., MDL Dkt. No. 6314, attached as Ex. "E".<br><br>**Wave 1** Memorandum Opinion and Order, MDL Dkt. No. 2726, attached as Ex. "F". |
|---|---|---|
| **Bruce Rosenzweig, M.D.** | **Wave 8 (adopting Wave 7 briefing):** Defs' Wave 8 Notice of Adoption of Prior *Daubert* Mot. Exclude (Dkt. No. 35-28, MDL Dkt. No. 6852); Pl.'s Wave 8 Notice of Adoption of Prior *Daubert* | **Wave 7** Order Adopting Memorandum Opinion and Order – *Daubert* Ruling re: Bruce Rosenzweig, M.D., MDL Dkt. No. 6519, attached as Ex. "G". |

| | | |
|---|---|---|
| | Opp. (Dkt. No. 35-29, MDL Dkt. No. 6960).<br><br>**Wave 7 (adopting portions of Wave 3 briefing):** Defs' Wave 7 Mot. Exclude (Dkt. No. 35-24, MDL Dkt. No. 5332); Defs.' Wave 7 Mem. Supp. (Dkt. No. 35-25, MDL Dkt. No. 5333); Pl.'s Wave 7 Mem. in Opp. (Dkt. No. 35-26, MDL Dkt. No. 5482); Defs.' Wave 7 Reply (Dkt. No. 35-27, MDL Dkt. No. 5548).<br><br>**Wave 3:** Defs.' Wave 3 Mot. Exclude (Dkt. No. 35-20, MDL Dkt. No. 2817); Defs' Wave 3 Mem. Supp. (Dkt. No. 35-21, MDL Dkt. No. 2818); Pl.'s Wave 3 Mem. In Opp. (Dkt. No. 35-22, MDL Dkt. No. 2931); Defs.' Wave 3 Reply (Dkt. No. 35-23, MDL Dkt. No. 3024).<br><br>**Wave 1:** Defs.' Wave 1 Mot. Exclude (Dkt. Nos. 35-1 – 35-14, MDL Dkt. No. 2047); Defs.' Wave 1 Mem. Supp. (Dkt. No. 35-15, MDL Dkt. No. 2049); Pl.'s Wave 1 Opp. (Dkt. Nos. 35-16 – 35-18, MDL Dkt. No. 2163); Defs.' Wave 1 Reply (Dkt. No. 35-19, MDL Dkt. No. 2241). | **Wave 1** Memorandum Opinion and Order, MDL Dkt. No. 2668, attached as Ex. "H". |

<u>Remaining Issues for this Court with regard to Defendants' Motions to Exclude Opinions of Plaintiff's General Experts.</u>

At the time of transfer to this Court, the MDL Court had not adopted any of the prior wave Orders into this specific case. While the Parties acknowledge the Orders referenced herein may be considered upon remand, the Parties recognize that these Orders have not been entered in this case.

Even in its prior wave Orders, the MDL Court reserved ruling on certain issues and objections raised in the parties' *Daubert* motions for various reasons, including potential variances in state law. Issues and objections that were raised in Defendants' motions to exclude certain opinions of Plaintiff's general experts Dr. Iakovlev, Dr. Klinge, Dr. Parisian, and Dr. Rosenzweig, which were not ruled on by the MDL Court but are relevant and ripe for consideration here, include:

   a. *Issues regarding Dr. Iakovlev's general opinions not decided in the MDL.*

In its Wave 1 motion to exclude Dr. Iakovlev's general opinions, Ethicon sought to exclude Dr. Iakovlev's opinion that Prolene—Ethicon's proprietary blend of polypropylene, antioxidants, and other additives used in its mesh products—degrades in vivo. Dkt. No. 30-7 at 4–10, MDL Dkt. No. 2070. Among other arguments, Ethicon specifically challenged Dr. Iakovlev's methodology of using histological dyes and light microscopy to detect any alleged degradation. *Id.* In its Order, the MDL Court expressly reserved ruling on Ethicon's challenge to the reliability of Dr. Iakovlev's methodology in using histological stains to observe alleged degradation, noting that the Court had "insufficient evidence to evaluate the methodology Dr. Iakovlev actually employed to examine mesh samples that allegedly degraded *in vivo*." MDL Dkt. No. 2710 at 7.

In its Wave 4 briefing, Ethicon expanded its argument to exclude Dr. Iakovlev's opinions on degradation and offered additional grounds, including new case law, testing, and scientific

literature, to demonstrate that Dr. Iakovlev's methods are unreliable and should be excluded. Dkt. No. 31-1 at 3–10, MDL Dkt. No. 3621. The Wave 4 Order regarding Dr. Iakovlev adopted the Memorandum Opinion and Order from Wave 1 and reserved any additional arguments for later resolution. MDL Dkt. No. 6388. Thus, Ethicon's objection necessitates a ruling by this Court.[4]

> b. *Issues regarding Prof. Dr. Klinge general opinions not decided in the MDL.*

In its Wave 1 motion to exclude Dr. Klinge's general opinions, Ethicon argued that Dr. Klinge's opinions on alternative designs to the Prolene mesh used in its stress incontinence products (such as TVT-Secur) and the Prolene Soft mesh used in its pelvic organ prolapse products (such as Prosima) were unreliable. *See* Dkt. No. 32-22, MDL Dkt. No. 1982 at 3–6, 8–10. The MDL Court denied Ethicon's motion to the extent Dr. Klinge's opinions related to PVDF. MDL Dkt. No. 2642 at 5–6. However, the MDL Court did not address Ethicon's argument that Dr. Klinge's alternative design opinions were otherwise unreliable, including his opinion that Ultrapro mesh was a safer alternative for stress urinary incontinence devices. Additionally, the MDL Court explicitly reserved judgment on Ethicon's reliability challenge to Dr. Klinge's opinions that Prolene Soft is defective because it is subject to fraying and particle loss. See MDL Dkt. No. 2642 at 7 ("The parties have not provided the court with sufficient information to judge the validity of this distinction or whether it has any bearing on opinions related to degradation, fraying, and particle loss. Accordingly, I RESERVE ruling until this matter may be probed further at trial.").

---

[4] Ethicon filed a separate Motion to Exclude Dr. Iakovlev, Dkt. Nos. 31-6 – 31-8, MDL Dkt. No. 6874, and a supporting Memorandum of Law, Dkt. No. 31-9, MDL Dkt. No. 6875, in Wave 8 of the MDL. As it relates to the TVT-Secur and Prosima devices, the Wave 8 motion adopted its briefing from Wave 4 of the MDL. *See* Dkt. No. 31-9 at 3, MDL Dkt. No. 6875.

In its Wave 4 motion to exclude Dr. Klinge's general opinions adopted in this case, Ethicon reiterated its reliability challenges to Dr. Klinge's opinions on alternative designs to Prolene mesh and Prolene Soft mesh and his opinions on Prolene Soft particle loss and fraying. Dkt. No. 33-4 at 2–12, MDL Dkt. No. 3630. However, the MDL Court did not address these previously unresolved arguments, instead adopting its Wave 1 Order and reserving any unaddressed challenges for trial. *See* MDL Dkt. No. 6398. Therefore, these outstanding objections necessitate a ruling by this Court.

    *c. Issues regarding Dr. Parisian's general opinions not decided in the MDL.*

Dr. Parisian has been disclosed by Plaintiff as a "regulatory expert." In its Wave 1 motion to exclude Dr. Parisian's general opinions, Ethicon argued that Dr. Parisian should not be permitted to opine on foreign regulatory matters because she is not qualified, she does not employ a reliable methodology, and her proposed testimony would not be helpful to the trier of fact. Dkt. No. 34-1 at 2, MDL Dkt. No. 2079. The MDL Court characterized this argument as a "recurring issue" applicable to many of the *Daubert* motions filed in the MDL and reserved a ruling until the time of trial. MDL Dkt. No. 2726 at 8–9. Ethicon also argued in its Wave 1 motion that Dr. Parisian should be precluded from offering opinions on any products other than TVT-S and Prolift +M, because those were the only products covered by her expert reports. *See* Dkt. No. 34-2 at 25, MDL Dkt. No. 2080. The MDL Court did not address this argument.

Ethicon reiterated its challenges to Dr. Parisian's foreign regulatory opinions in Wave 4. *See* Dkt. No. 34-6 at 2, MDL Dkt. No. 3592. The MDL Court adopted its Wave 1 Order, continuing to reserve ruling on the matter. *See* MDL Dkt. No. 6314; *see also infra* Section *e*. Ethicon also reiterated its argument that Dr. Parisian should be precluded from offering opinions on products

other than the TVT-S and Prolift +M, Dkt. No. 34-7 at 12, MDL Dkt. No. 3594, which the Court again did not address. Accordingly, these challenges necessitate a ruling by this Court.

   d. *Issues regarding Dr. Rosenzweig's general opinions not decided in the MDL.*

In its Wave 1 motion to exclude Dr. Rosenzweig's general opinions, Ethicon sought to exclude Dr. Rosenzweig's opinions that alternative procedures are safer than Ethicon's mesh products on the basis of relevance. *See* Dkt. No. 35-15 at 2–3, MDL Dkt. No. 2049. The Court explicitly reserved judgment on this issue, finding that the issue was "better decided on a case-by-case basis." MDL Dkt. 2668 at 6[5]. The Court also reserved judgment on Ethicon's argument that Dr. Rosenzweig's opinions on the relative safety of mechanical and laser cut mesh are unreliable. *Id.* at 6–7. The Court did not address Ethicon's argument that Dr. Rosenzweig is unqualified to testify on the alleged biases of other experts or the argument that his testimony about complications no relevant plaintiffs had suffered was irrelevant. *See* Dkt. No. 35-15 at 19–20, MDL Dkt. No. 2049.

In Ethicon's motion challenging Dr. Rosenzweig's general opinions filed in Wave 7 of the MDL, Ethicon adopted several arguments from its Wave 3 briefing that were more expansive than its Wave 1 arguments, including the argument that Dr. Rosenzweig is unqualified to testify to the adequacy of product warnings. Dkt. No. 35-25 at 6, MDL Dkt. 5333 (adopting Dkt. No. 35-21 at

---

[5] More recently, Judge Goodwin definitively ruled that a procedure is not a product in terms of an alternative, feasible design. *Mullins v. Johnson & Johnson*, 236 F.Supp.3d 940 (S.D. W. Va. Feb. 23, 2017) ("I am convinced that an alternative, feasible design must be examined in the context of products—not surgeries or procedures."). The Court in *Mullins* found that "the plaintiffs must provide evidence of an alternative, feasible design for the *product* at issue," which entails "provid[ing] sufficient evidence to identify a comparable product or design concept, whether the *design features* of the comparable product or the *design concept* existing at the time of the [device's] manufacture . . . ." *Id.* at 944.

6–8, MDL Dkt. No. 2818). Ethicon also argued that the Court should more specifically exclude Dr. Rosenzweig's opinions regarding adverse event reporting. Ethicon noted that the MDL Court had excluded Dr. Rosenzweig's opinions regarding compliance with or violation of the FDA's labeling and adverse event reporting regulations in Wave 1, and asked the Court to clarify that ruling to provide that all of Dr. Rosenzweig's adverse event reporting opinions are excluded, not only those relating to specific FDA regulations. Dkt. No. 35-25 at 7–8, MDL Dkt. No. 5333. In its Wave 7 *Daubert* motion, Ethicon also sought to exclude Dr. Rosenzweig's opinions that relied on citations to unspecific prior reports. *Id.* at 2–3. The MDL Court did not rule on these objections, instead adopting its Wave 1 ruling and reserving for trial any new or unaddressed challenges. MDL Dkt. No. 6519 at 2. Accordingly, those objections necessitate a ruling by this Court.

e. *"Recurring issues" the MDL Court expressly reserved for the trial court.*

In each of the MDL Court's *Daubert* Orders as to the Plaintiff's general experts, the Court expressly reserved ruling on two matters which it identified as "recurring issues," stating:

> A number of experts also seek to opine on Ethicon's compliance with design control and risk management standards. Some of this testimony involves the FDA's quality systems regulations, and some—likely in an attempt to sidestep my anticipated prohibition on FDA testimony—involve foreign regulations and international standards. I find all of this proposed testimony of dubious relevance. Although these standards relate to how a manufacturer should structure and document risk assessment, the standards do not appear to mandate any particular design feature or prescribe the actual balance that must be struck in weighing a product's risk and utility. Nor is it clear that the European and other international standards discussed had any bearing on the U.S. medical device industry when the device in question was being designed.
>
> Nevertheless, because the nuances of products liability law vary by state, I will refrain from issuing a blanket exclusion on design process and control standards testimony, whether rooted in the FDA or otherwise. Each standard must be assessed for its applicability to the safety questions at issue in this litigation, consistent with state law. I am without sufficient information to make these findings at this time. Accordingly, I **RESERVE** ruling on such matters until a hearing, where the trial

> judge will have additional context to carefully evaluate the relevance and potential prejudicial impact of specific testimony.
>
> Similarly, I doubt the relevance of testimony on the adequacy of Ethicon's clinical testing and research, physician outreach, or particular product development procedures and assessments otherwise not encompassed by the above discussion. Again, such matters seem to say very little about the state of the product itself (i.e., whether or not it was defective) when it went on the market. But because the scope of relevant testimony may vary according to differences in state products liability law, I **RESERVE** ruling on such matters until they may be evaluated in proper context at a hearing before the trial court before or at trial.

MDL Dkt. No. 2710 at 13–14 (Dr. Iakovlev); MDL Dkt. No. 2642 at 10–12 (Dr. Klinge); MDL Dkt. No. 2726 at 8–9 (Dr. Parisian); MDL Dkt. No. 2668 at 14–16 (Dr. Rosenzweig).

Accordingly, those issues also necessitate a ruling by this Court.

**Plaintiff's Motions**

Prior to listing Plaintiff's motions, Plaintiff seeks to clarify Defendants' explanation of the *Daubert* process in the MDL. Plaintiffs agree generally that in all previous MDL waves except for Wave 8, Judge Goodwin entered orders adopting his previous *Daubert* rulings in subsequent waves, and likewise agree that such an order was not entered in Wave 8. However, Defendants on the one hand seem to suggest that that because no such order exists with respect to Wave 8, each of the above-referenced motions, as well as Plaintiffs' outstanding *Daubert* motions, should now be re- raised, re-argued, and ruled upon anew. On the other hand, Defendants have acknowledged that, with the exception of a few discrete issues identified above that require rulings from the trial court, neither party has raised any issues in its pending *Daubert* motions that differ from the issues raised in previous *Daubert* motions in previous waves. On the contrary, as Defendants have conceded, both parties merely adopted their previous identical motions with respect to each expert.

Accordingly, rather than consider and rule upon each of the pending motions, Plaintiff respectfully requests that the Court enter an order adopting Judge Goodwin's prior rulings with

respect to both parties' Daubert motions. This approach would support continuity and consistency in rulings and substantially narrow the outstanding issues to be decided by this Court. Finally, regarding the "reserved issues" Defendants have identified above, Plaintiff requests that this Court reserve ruling on said issues until trial, as the parties have not yet determined which of their several experts will be called.

Plaintiff has also included a list of each prior *Daubert* motion, Judge Goodwin's rulings, and adoption Orders for this Court's consideration:

| **Defendants' General Expert Witnesses** | **MDL Motions adopted from prior waves** | **Prior Wave Memorandum Opinions and Orders from MDL** |
|---|---|---|
| **Terri A. Longare, M.D.** | Plaintiff's Motion to Exclude (MDL 2076), Plaintiff's Memo. In Support (MDL 2098), Def.'s Response in Opposition (MDL 2140), Plaintiff's Reply (MDL 2253). Wave 3: Notice of Adoption of Pls Mot to Exclude (MDL 2783); Notice of Adoption of Def. Response (MDL 2892); Notice of Adoption of Plf. Reply (MDL 2992). | Order Adopting Memorandum Opinion and Order – Daubert Ruling re: Terri A. Longacre, M.D., MDL D.E. 4189 (Wave 3), attached as **Ex. "I"**, which adopts the Memorandum Opinion and Order from Wave 1, MDL D.E. 2643, attached as **Ex. "J"** |
| **Steven MacLean, Ph.D., P.E.** | Plaintiff's Motion to Exclude (MDL 2205), Plaintiff's Memo. In Support (MDL 2206), Def.'s Response in Opposition (MDL 2287), Plaintiff's Reply (MDL 2297). Wave 3: Notice of Adoption of Pls Mot to Exclude (MDL 2773); Notice of Adoption of Def. Response (MDL 2921). | Order Adopting Memorandum Opinion and Order – Daubert Ruling re: Steven MacLean, MDL D.E. 4183 (Wave 3), attached as **Ex. "K"**, which adopts the Memorandum Opinion and Order from Wave 1, MDL D.E. 2724, attached as **Ex. "L"** |

| Timothy Ulatowski | Plaintiff's Motion to Exclude (MDL 2060), Plaintiff's Memo. In Support (MDL 2065), Def.'s Response in Opposition (MDL 2134), Plaintiff's Reply (MDL 2232), Def. Supp. Response (MDL 2910)<br><br>Wave 3: Notice of Adoption of Pls Mot to Exclude (MDL 2793); Notice of Adoption of Def. Response (MDL 2910); Notice of Adoption of Plf. Reply (MDL 2998). | Order Adopting Memorandum Opinion and Order – MDL D.E. 4195 (Wave 3), attached as **Ex. "M"**, which adopts the Memorandum Opinion and Order from Wave 1, MDL D.E. 2649, attached as **Ex. "N"** |
|---|---|---|
| **Christina Pramudji, M.D.** | Plaintiff's Motion to Exclude (MDL 2035), Plaintiff's Memo. In Support (MDL 2037), Def.'s Response in Opposition (MDL 2153), Plaintiff's Reply (MDL 2236).<br><br>Wave 3: Notice of Adoption of Pls Mot to Exclude (MDL 2785); Notice of Adoption of Def. Response (MDL 2881); Notice of Adoption of Plf. Reply (MDL 2994). | Order Adopting Memorandum Opinion and Order – MDL D.E. 4187 (Wave 3), attached as **Ex. "O"**, which adopts the Memorandum Opinion and Order from Wave 1, MDL D.E. 2650, attached as **Ex. "P"** |
| **Douglas Grier, M.D.** | Plaintiff's Motion to Exclude (MDL 2022), Plaintiff's Memo. In Support (MDL 2024), Def.'s Response in Opposition (MDL 2179).<br><br>Wave 3: Notice of Adoption of Pls Mot to Exclude (MDL 2773); Def. Response (MDL 2921); Plf. Reply (MDL 2982). | Order Adopting Memorandum Opinion and Order – MDL D.E. 4160 (Wave 3), attached as **Ex. "Q"**, which adopts the Memorandum Opinion and Order from Wave 1, MDL D.E. 2703, attached as **Ex. "R"** |

## Judge Goodwin's Order to Show Cause

Defendants represent that Judge Goodwin entered an Order to Show Cause in over 2000 cases in the MDL with regard to the parties' submission of a remand venue chart. Pursuant to Judge Goodwin's Order, the parties revised and resubmitted the remand venue chart. Judge Goodwin was satisfied with the revised submission and no further action was taken or necessary. By way of further response, Plaintiff has engaged in a good faith effort to confirm Defendants' representation with lead plaintiffs' counsel in the MDL, but has been unsuccessful. However, upon reasonable investigation, Plaintiff agrees with Defendants' representation.

## Other Issues

Sarah Smyth O'Brien and David G. Mayhan have entered their appearances on behalf of Defendants Ethicon, Inc. and Johnson & Johnson and no other counsel of record appears for Defendants on the Colorado docket. Defendants respectfully request notice if this Court wishes prior counsel for Defendants from the MDL to formally withdraw their appearances. In prior cases, motions for withdrawal of prior counsel were deemed moot by the Court as those counsel are not identified as counsel of record in the remanded case.

## Whether this Case is Ready to Set for Trial

**Defendants' position:** Defendants believe this case is ready to be set for trial after rulings on outstanding motions. Defendants object to re-opening discovery for any further matters. Defendants object to any request by Plaintiff to conduct an out-of-time medical examination or engage in designation of additional experts or supplements to experts. Expert designation deadlines for this Wave 8 case were June 4, 2018 for plaintiffs, July 5, 2018 for Defendants and July 23, 2018 for rebuttal. *See* Pretrial Order #280 attached hereto as Ex. S. Defendants did not agree to

delay the scheduling of any expert depositions or extend the deadlines for designation of experts. In fact, any such agreement was specifically prohibited in the MDL. *See* Pretrial Order # 270 attached hereto as Ex. S. Plaintiff has come forward with no good cause for the requested supplement of expert reports.

**Plaintiff's position:** Discovery in this matter concluded in October of 2018. To the extent Mrs. Fowler's medical treatment has continued after the close of discovery, and to the extent her medical condition has changed, Plaintiff respectfully requests a supplementation of expert reports. Such supplementation is permissible and appropriate under the applicable Federal Rules of Civil Procedure and does not violate Pretrial Order #270. Notably, Defendants will not be prejudiced by this request as no pretrial deadlines or trial date has been set by this Court.

## Final Pretrial Order

A final pretrial order has not been entered and pretrial deadlines have not been set. The Parties agree that a 10-day trial will be necessary and that pretrial deadlines will need to be set for all trial related matters such as Motion in Limine, Deposition Designations, identifying and exchanging witness and exhibit lists and exhibits, jury instructions and objections, etc.

| | |
|---|---|
| **KLINE & SPECTER, PC** | **Butler Snow LLP-Denver** |
| */s/ Elia A. Robertson* | */s/ Sarah Smyth O'Brien* |
| ELIA A. ROBERTSON, ESQUIRE | DAVID G. MAYHAN, ESQUIRE |
| 1525 Locust Street | SARAH SMYTH O'BRIEN, ESQUIRE |
| Philadelphia, PA 19102 | 1801 California Street |
| (215) 772-1000 | Suite 5100 |
| *Attorneys for Plaintiffs* | Denver, CO 80202 |
| | *Attorneys for Defendants* |
| Date: 6/3/2020 | |
| | Date: 6/3/20 |

**53105204.v1**

53128901.v1
53233490.v1