**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1217-WJM-NYW

CORLISS FOWLER,

      Plaintiffs,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

      Defendants.

---

**ORDER REGARDING OUTSTANDING MOTIONS, FURTHER MOTION PRACTICE,
AND NEW DEADLINES**

---

      Before the Court are the following: (i) Defendants' Motion for Partial Summary Judgment (ECF No. 20); (ii) U.S. District Judge Joseph R. Goodwin's April 10, 2019 Order to Show Cause (ECF No. 25); and (iii) the parties' Joint Status Report (ECF No. 55).

      With respect to these items, the Court ORDERS as follows:

1.   Defendants' Motion for Partial Summary Judgment (ECF No. 20) is GRANTED. At the conclusion of this case, judgment will enter in Defendants' favor on Plaintiff's Counts II, IV, IX, XIII, XIV, and XV. The Court acknowledges Plaintiff's argument that the Court should deny Defendants' motion as moot because Plaintiff represents that she will not pursue these Counts at trial. However, Plaintiff has shown no intention of dismissing these Counts either. If Plaintiff will not dismiss these Counts and judgment does not enter on them, then they will

simply be unresolved at the end of the case, which is impermissible.

2. The Court will not grant Defendants "leave to file a supplemental summary judgment motion." (ECF No. 55 at 2.) The deadline for dispositive motions has long since expired.

3. The April 10, 2019 Order to Show Cause (ECF No. 25) is DISCHARGED, given the parties' agreement that the basis for the order was later corrected to Judge Goodwin's satisfaction.

4. All of Judge Goodwin's affirmative rulings on Rule 702 issues (*i.e.*, rulings that an expert is or is not qualified, an opinion is or is not admissible, etc.) from MDL "waves" 1–7 will continue to control in this de-consolidated action. Matters that Judge Goodwin explicitly deferred, or that he did not rule upon, will be addressed after the Final Pretrial Conference (see below).

5. No later than **June 30, 2020**, the parties shall jointly contact the chambers of U.S. Magistrate Judge Nina Y. Wang to schedule a Final Pretrial Conference.[1]

6. In the Final Pretrial Order, the parties will designate their expert witnesses. Plaintiff's concern that "the parties have not yet determined which of their several experts will be called" (ECF No. 55 at 15) will then be moot. Accordingly, within **30 days** of Judge Wang entering the Final Pretrial Order, the parties may—assuming proper conferral under D.C.COLO.LCivR 7.1(a)—file Rule 702 motions on any argument previously raised that Judge Goodwin (a) "reserved" for a later stage of the case, or (b) did not rule upon in any way. Briefing on those motions

---

[1] If the parties continue to request a trial of longer than five days, the parties are reminded of the need to schedule a status conference before the undersigned after the Final Pretrial Order enters, per WJM Revised Practice Standard IV.A.3.

shall then proceed according to D.C.COLO.LCivR 7.1(d).

7. Plaintiff may supplement her expert disclosures based on changes in her medical condition since October 2018, but only to the extent such supplementation comes from a percipient expert witness, such as a treating physician. In other words, it must be the sort of supplementation that could have been disclosed under Federal Rule of Civil Procedure 26(a)(2)(C) (whether or not it was originally disclosed under that Rule).

Dated this 26th day of June, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge